F I L E D
United States Court of Appeals
Tenth Circuit

August 28, 2006

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE CRESCENCIO TORRES-
DUENAS, a/k/a JOE TORRES,

Defendant - Appellant.

No. 06-1062

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO\***
**(D.C. NO. 05-CR-00372-WYD)**

Submitted on the briefs:

Raymond P. Moore, Federal Public Defender, Edward A. Pluss, Assistant Federal
Public Defender, Lynn C. Hartfield, Research & Writing Attorney, Denver,
Colorado, for Defendant - Appellant.

William J. Leone, United States Attorney, Robert Brown, John M. Hutchins,
Assistant United States Attorneys, Denver, Colorado, for Plaintiff - Appellee.

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

_____

\*After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

Jose Torres-Duenas pleaded guilty in the United States District Court for the District of Colorado to illegal reentry by a person previously deported for an aggravated felony, *see* 8 U.S.C. § 1326(a) and (b)(2).  He was sentenced to 41 months' imprisonment.  On appeal he contends that (1) the district court erred in enhancing his sentence based on a felony kidnapping conviction that was nearly two decades old, (2) his sentence is unreasonable, and (3) sentences within a properly calculated range under the United States Sentencing Guidelines (USSG) should not be presumed reasonable.  We have jurisdiction under 28 U.S.C. § 1291, and conclude that (1) the enhancement was not plain error, (2) the sentence was reasonable, and (3) we must follow the decision of a prior panel of this court that sentences within a properly calculated Guidelines range are presumptively reasonable.  We affirm the judgment of the district court.

I.    BACKGROUND

The presentence report (PSR) for Mr. Torres-Duenas assigned a base offense level of 8, which was increased by 16 levels because of a previous felony kidnapping conviction, and then reduced 3 levels for acceptance of responsibility, creating a total offense level of 21.  The PSR initially placed Mr. Torres-Duenas in criminal-history category III, but after objection this was reduced to category

II, because he had not been sentenced, or served any portion of his sentence, for the kidnapping within the prior 15 years. *See* USSG § 4A1.2(e)(1) and (3). With a total offense level of 21 and criminal-history category II, the advisory Guidelines range was 41 to 51 months' imprisonment.

At sentencing, Mr. Torres-Duenas requested a variance from the Guidelines range, contending that his case was "unusual" because his "felony conviction is almost 20 years old. And that occurred when he was certainly much younger . . . ." R. Vol. II at 5. The district court, however, noted the seriousness of the prior offense, as described in the PSR. The PSR states that Mr. Torres-Duenas and two codefendants abducted a waitress from a bar at gunpoint, placed a cloth over her head, forced her into a vehicle, and took her to a residence. On the way to the residence she heard one of the abductors say that they were being followed. "At the residence, they had her lay [sic] down on a sofa, and she was threatened if she made any noise. With the cloth still over her head, the victim stated she could hear a helicopter directly above the house. The suspects began arguing, and then she felt hands grabbing her about the breasts and crotch area. Her stockings were also being removed." R. Vol. III at 7 ¶ 36. One of the suspects then told her to put her clothes on. "She was taken back to the vehicle, and later pushed out of the vehicle by the suspects." *Id*.

Mr. Torres-Duenas's defense counsel stated that, given Mr. Torres-Duenas's sentence (he served just over two years for the offense), "[i]t would be

my guess . . . that he was one of the less culpable" of the codefendants.  R. Vol. II at 6.  Defense counsel also pointed out that "in the 20 years since that offense, there has [sic] not been any felony allegations against the defendant . . . [and] no real police contacts other than the drinking and driving offenses."  *Id*. at 7.

Noting the advisory Guidelines range and the factors set forth in 18 U.S.C. § 3553(a), the district court stated that although the kidnapping conviction could not be included in the criminal-history calculation, it "has other significance" and has "some bearing on the Court's consideration of sentencing factors" because of the seriousness of the offense.  *Id*. at 14.  The court also commented that Mr. Torres-Duenas's "multiple violations of the immigration laws of this country is indicative of his inability to indicate through his actions respect for the law." *Id*. at 15.  Mr. Torres-Duenas was sentenced to 41 months' imprisonment, the bottom of the advisory range.

## II.    DISCUSSION

### A.    16-Level Enhancement

Mr. Torres-Duenas first contends that the district court erred in enhancing his sentence 16 levels based on his prior kidnapping conviction.  He did not raise this claim below, so we review it only for plain error.  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial

proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted).

USSG § 2L1.2(a) establishes a base offense level of 8 for illegal reentry. Subsection (b)(1)(A) increases this by 16 levels

> [i]f the defendant previously was deported, or unlawfully remained in the United States, after—
>
> > (A)    <u>a conviction for a felony that is</u> (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) <u>a crime of violence</u>; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense . . . .

(emphasis added).  The definition of *crime of violence* in the commentary to this section sets no time limit on the age of a prior conviction.[1]  Two other provisions in the commentary to this section, however, explicitly state that they apply "without regard to the date of conviction."  First, comment 1(B)(viii) states:

> "Sentence imposed" has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2 (Definitions and Instructions for Computing Criminal History), <u>without regard to the date of the conviction</u>.  The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release.

---

[1] USSG § 2L1.2 cmt. 1(B)(iii) states: "'Crime of violence' means any of the following:  murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

(emphasis added). Second, comment 3(A) states that *aggravated felony* (a term that appears in § 2L1.2(b)(1)(C)) "has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), <u>without regard to the date of conviction</u> for the aggravated felony." (emphasis added).

Mr. Torres-Duenas relies on the canon of construction *expressio unius est exclusio alterius* to contend that the use of the phrase "without regard to the date of conviction" twice in this section, combined with its absence in the definition of *crime of violence*, demonstrates that a crime of violence is not to be considered without regard to the date of conviction. He then contends that the time limit that should apply to enhancements for a prior crime of violence under § 2L1.2 is the limit found in § 4A1.2(e). Section 4A1.2(e)(1) states that in calculating a defendant's criminal history,

> [a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Such a sentence not within that time period "is not counted." *Id*. § 4A1.2(e)(3). Mr. Torres-Duenas concludes: "Because the plain language of the crime of violence definition does not lift the time restriction otherwise imposed by the Guidelines, it was error for the court to use the prior conviction—which was

-6-

conceded by all parties to be time-barred under § 4A1.2—to enhance Mr. Torres-Duenas' offense level by sixteen points" under § 2L1.2. Aplt. Br. at 13.

Only one other circuit court has addressed this issue. In *United States v. Camacho-Ibarquen*, 410 F.3d 1307 (11th Cir. 2005), the court rejected an identical claim for three reasons: First, "if the Sentencing Commission had intended § 2L1.2(b)(A)-(E) to mean what [the defendant] argues, there is no reason the Commission would not have written an explicit time restriction into that guideline," just as it did with other Guidelines. *Id*. at 1313. "We are more inclined to find that, because other guidelines sections have explicit time restrictions on the application of convictions, the omission of such a restriction in § 2L1.2 means that none was intended for that section." *Id*. Second, it is "highly unlikely that the Sentencing Commission intended that § 2L1.2 should have a time period restriction of *unspecified* length." *Id*. (emphasis added). One might say (as does Mr. Torres-Duenas) that the limitations in the criminal-history provisions should apply, "[b]ut there is no reason to choose these provisions over any others." *Id*. Finally, the inclusion of the phrase "without regard to the date of conviction" in the § 2L1.2 definitions of *aggravated felony* and *sentence imposed* can be attributed to those definitions being borrowed from other provisions.

> Each of those [borrowed] provisions has language limiting the time period in which certain kinds of convictions can apply. It is entirely possible, indeed likely, that the Sentencing Commission wanted to

import into § 2L1.2 the substantive definitions from these other provisions, but not the time limitations they contain, and that is the reason it added the "without regard to the date of conviction" language in the application notes defining "sentence imposed" and "aggravated felony."

*Id*.

This reasoning is persuasive. In our view, the language "without regard to the date of conviction" in the definitions of *sentence imposed* and *aggravated felony* implies the opposite of what Mr. Torres-Duenas contends. In both instances, commentary to § 2L1.2 borrowed definitions from other provisions but altered the borrowed definitions by eliminating age limits. These alterations to the borrowed definitions evince an intent to treat all prior convictions the same, regardless of their age, for purposes of § 2L1.2. Why, if age limits are explicitly eliminated from borrowed definitions, should we assume that age limits are implicitly imported into unborrowed definitions that contain no explicit age limits?

In any event, we need not agree fully with the Eleventh Circuit in order to hold that no plain error occurred here. Even if the district court erred, the error certainly was not "plain." *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' . . . [C]ourt[s] of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law."); *United States v. Jones*, 108 F.3d 668, 671 (6th Cir. 1997) (error was not plain when "[t]here is only sparse case law addressing this

question, and what little case law exists is divergent and conflicting"). We will not reverse on this ground.

## B.    Reasonableness of Sentence

Mr. Torres-Duenas also contends that even "[i]f . . . this Court finds the advisory guideline range to be properly calculated, . . . his sentence was unreasonable." Aplt. Br. at 17. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) ("[T]he proper standard of review for sentences imposed post-[*United States v.*] *Booker*[, 543 U.S. 220 (2005)] is 'reasonableness.'"). The government argues that we should review this claim only for plain error because Mr. Torres-Duenas did not specifically object to the reasonableness of his sentence in district court. We require reasonableness in two respects—"the length of the sentence, as well as the *method* by which the sentence was calculated." *Id*. at 1055. We have held that when the defendant fails to object to the method by which the sentence was determined, such as a claim that the Guidelines were misapplied or that the court did not adequately explain the sentence with reference to the factors set forth in 18 U.S.C. § 3553(a), we review only for plain error. *See United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006). But when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue. *See id*; *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005). Thus, we do not review for plain error.

Instead, we review merely for "reasonableness" of the sentence's length. In this regard,

> [r]easonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a), which include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment.

*Kristl*, 437 F.3d at 1053 (internal citation omitted). A sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness. *Id*. at 1054. "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id*.

At sentencing, Mr. Torres-Duenas contended that the § 3553(a) factors, other than the Guidelines, warranted a lower sentence. In particular, he asserted that the age of his prior conviction, his likely minor role in that offense, and the intervening lack of any serious involvement with law enforcement, warranted a variance from the Guidelines. The district court appropriately considered each of these contentions and noted countervailing considerations, including the absence of anything in the record showing that Mr. Torres-Duenas was a minor participant in the kidnapping, the serious nature of that crime, and Mr. Torres-Duenas's multiple violations of immigration law. Mr. Torres-Duenas contends that the court missed the point, because "the advisory guidelines range already reflected

-10-

that the offense was serious," Aplt. Br. at 19, and already accounted for his prior immigration offenses. But the court did not impose a sentence above the Guidelines range, so there was no double counting. The court simply found that Mr. Torres-Duenas's arguments could not justify imposition of a sentence below that range, although it did impose a sentence at the bottom of the range. The 41-month sentence imposed by the district court was reasonable.

## C.      Presumption of Reasonableness

Finally, Mr. Torres-Duenas contends that this court erred in *Kristl*, 437 F.3d at 1054, in finding that a sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness. As he notes, however, *Kristl* is controlling in this circuit, and absent en banc review or intervening Supreme Court precedent, we cannot overturn another panel's decision. *See United States v. Brothers*, 438 F.3d 1068, 1074 (10th Cir. 2006).

## III.   CONCLUSION

We AFFIRM the judgment of the district court.