**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-4156 |
| v. | (D. Utah) |
| JESUS LOPEZ-ZAMBRANO, | (D.C. No. 2:05-CR-695-TS) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Mr. Lopez-Zambrano pleaded guilty to a charge of illegally reentering the United States in violation of 8 U.S.C. § 1326. He was sentenced to 77 months' imprisonment followed by 24 months of supervised release. He appeals only his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under the United States Sentencing Guidelines (USSG), Mr. Lopez-Zambrano's base offense level was 8. *See* USSG § 2L1.2. He was subject to a 16-level increase under § 2L1.2(b)(1)(A)(ii) for a previous crime of violence. With a three-level reduction for acceptance of responsibility, *see id*. § 3E1.1, his total offense level was 21. Given a criminal-history category of VI, his sentencing range was 77 to 96 months.

At sentencing, Mr. Lopez-Zambrano sought a variance from this range, arguing that his criminal history was made up mostly of misdemeanors and that he has kept returning to the United States because it is "all he knows." R. Vol. II at 5. The district court acknowledged these arguments but observed that "if Mr. Lopez-Zambrano had chosen a life free of crime, he probably could have lived in this country undetected and quite peaceably throughout his entire life. He has chosen not to do that." *Id*. at 8. The court pointed out that he had repeatedly violated the law and had been deported eight times. Citing 18 U.S.C. § 3553 and explaining that its sentence was necessary in view of "the totality of the history and the characteristics of the defendant" and would "promote respect for the law and . . . provide adequate deterrence and frankly . . . protect the public," R. Vol. II at 8, the court sentenced Mr. Lopez-Zambrano to the low end of the Guidelines range.

On appeal Mr. Lopez-Zambrano argues that this sentence was unreasonable. He first seeks to overturn *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006),

under which "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* at 1054. But we are bound by *Kristl. See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) ("*Kristl* is controlling in this circuit, and absent en banc review or intervening Supreme Court precedent, we cannot overturn another panel's decision."). Therefore, we presume that a properly calculated Guidelines sentence is reasonable.

In any event, even without the *Kristl* presumption, Mr. Lopez-Zambrano's sentence was reasonable. He argues that the district court "did not sufficiently take into account [his] background, character, and conduct" and that the court "failed to consider 18 U.S.C. § 3553, either expressly or implicitly." Aplt. Br. at 6. But the court said that it had considered the § 3553 factors and it specifically explained the reasons for its sentence, including Mr. Lopez-Zambrano's criminal history, his repeated deportations, and his disrespect for the law. The district court "provide[d] sufficient reasons to allow meaningful appellate review of [its] discretionary sentencing decision[]." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006).

We AFFIRM.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-3-