**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 26, 2007**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ADRIAN IBARRA-GUZMAN,

    Defendant-Appellant.

No. 06-2167
(D.Ct. No. CR-06-377 JP)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

    Appellant Adrian Ibarra-Guzman pled guilty to one count of reentry of a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, _res judicata_ and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

deported alien previously convicted of a felony in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(1). The district court sentenced Mr. Ibarra-Guzman to twenty-four months imprisonment. While Mr. Ibarra-Guzman appeals the district court's sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

Mr. Ibarra-Guzman pled guilty to a one-count indictment for unlawful reentry of a deported alien previously convicted of a felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(1). The record further establishes that in 2004, in case number CR04-0241-01VRW in the United States District Court for the Northern District of California, Mr. Ibarra-Guzman was convicted of the felony crime of illegal reentry following deportation and sentenced to fifteen months custody, after which he was again deported to Mexico. He was also convicted in August 1996, in case number SC38516A in the San Mateo County Superior Court, of the felony crime of being an accessory to reckless discharge of a firearm.

After Mr. Ibarra-Guzman pled guilty to the indictment for unlawful reentry of a deported alien previously convicted of a felony, the probation officer

prepared a presentence report calculating Mr. Ibarra-Guzman's sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The presentence report set his base offense level at eight pursuant to U.S.S.G. § 2L1.2(a), increased his base level four levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D) because he had been deported following conviction of a felony, and reduced his offense level by two for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of ten. The presentence report also set Mr. Ibarra-Guzman's criminal history level at VI, which, together with an offense level of ten, resulted in a Guidelines sentencing range of twenty-four to thirty months imprisonment.

Mr. Ibarra-Guzman did not file any objections to the presentence report, either prior to or at his sentencing hearing. In addition, at the sentencing hearing, Mr. Ibarra-Guzman told the district court all of the statements of fact in the presentence report had been read to him in Spanish and were true and correct. After the district court explicitly stated it had considered the presentence report factual findings, the Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), it sentenced Mr. Ibarra-Guzman at the low end of the Guidelines range to twenty-four months imprisonment.

After Mr. Ibarra-Guzman filed a timely notice of appeal, his appointed

counsel filed an *Anders* appeal brief, explaining Mr. Ibarra-Guzman wished to challenge only the length of his sentence and not his guilty plea. However, counsel further states a review of the record and relevant case law reveal the appeal to be wholly frivolous and, for that reason, counsel moves for an order permitting withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support of his position the appeal is frivolous, Mr. Ibarra-Guzman's counsel points out Mr. Ibarra-Guzman's offense level and criminal history category were correctly calculated, the district court sentenced Mr. Ibarra-Guzman within the applicable Guidelines range, and his sentence was not otherwise imposed in violation of the law under 18 U.S.C. § 3742(a). Pursuant to *Anders,* this court gave Mr. Ibarra-Guzman an opportunity to respond to his counsel's *Anders* brief. *Id.* Mr. Ibarra-Guzman failed to file a response.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. When a defendant's "claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). Instead, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.* Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court in this case

-4-

explicitly considered the factors in § 3553(a), and a presumption of reasonableness attaches to a sentence which is within the correctly-calculated Guidelines range, which Mr. Ibarra-Guzman has not rebutted. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). For these reasons, no meritorious appellate issue exists.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Ibarra-Guzman's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge