**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEONEL VILLEGAS-MOLINA,

      Defendant-Appellant.

No. 06-2288
(D.Ct. No. CR-05-2637-JP)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Leonel Villegas-Molina, a federal prisoner represented by

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

counsel, pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). The district court sentenced Mr. Villegas-Molina to forty-six months imprisonment followed by three years supervised release. While Mr. Villegas-Molina appeals the district court's sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). We grant counsel's motion to withdraw and dismiss Mr. Villegas-Molina's appeal.

Mr. Villegas-Molina was charged in a one-count indictment with unlawful reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). He entered a plea of guilty to the indictment. The record further establishes that in 1992, in case number CR-92-2689, in the Second Judicial District Court of New Mexico, Mr. Villegas-Molina was convicted of assault with intent to commit a violent crime on a peace officer; and in 1993 he was convicted of reentry after deportation, following his initial deportation in February 1989 and subsequent deportations in December 1989 and July or August 1991.

After Mr. Villegas-Molina pled guilty, the probation officer prepared a presentence report in which he calculated Mr. Villegas-Molina's sentence,

determining: 1) his base offense level was eight, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(a); 2) the base level should be increased sixteen levels, to twenty-four, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because he was deported following conviction of an aggravated felony for assault on a peace officer, which constituted a crime of violence; 3) he should receive a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; and 4) the total offense level should be twenty-one. Based on Mr. Villegas-Molina's prior criminal history, the probation officer calculated his criminal history level at IV, resulting in a Guidelines range of fifty-seven to seventy-one months imprisonment. Mr. Villegas-Molina filed objections and a motion for downward departure, to which the probation officer responded by preparing a second addendum to the presentence report – copies of which have not been filed in the record on appeal for our review.

At sentencing, Mr. Villegas-Molina's counsel did not dispute the facts represented in the presentence report, but explained Mr. Villegas-Molina's criminal history was overstated and requested a criminal history score of III, rather than IV, be used to calculate his Guidelines range, to which the government did not object. The district court then determined the criminal history category of IV substantially over-represented the seriousness of Mr. Villegas-Molina's criminal history and that the appropriate criminal history category of III applied,

resulting in a Guidelines range of forty-six to fifty-seven months imprisonment. The district court then noted it had read both the defendant's objections to the presentence report and the motion for downward departure, as well as the presentence report and addendum addressing the objections and motion, and it did not find a basis for a downward departure except on the criminal history category. It also stated it read the various written materials previously submitted by Mr. Villegas-Molina and his counsel and also reviewed his certificates of completion of an English as a second language course and typing courses, which were submitted at the hearing. Based on the information Mr. Villegas-Molina provided at his change of plea hearing, the district court stated Mr. Villegas-Molina knowingly, voluntarily, and intelligently entered a plea of guilty to the indictment. The district court then entered a sentence of forty-six months, at the bottom of the Guidelines range, stating it had reviewed the presentence report, the applicable Guidelines, and the factors under 18 U.S.C. § 3553(a)(1) through (7).

After Mr. Villegas-Molina filed a timely notice of appeal, his counsel filed an *Anders* appeal brief, alleging no meritorious appellate issues exist and moving for an order permitting him to withdraw as counsel. *See Anders*, 386 U.S. at 744. Specifically, his counsel pointed out: 1) Mr. Villegas-Molina's sentence "was not imposed in violation of law nor as a result of an incorrect application of the

advisory United States Sentencing Guidelines";[1] 2) by lowering his criminal history category from IV to III, the district court correctly sentenced him to forty-six months incarceration, which, under the circumstances presented, did not rise to a level of unreasonableness; and 3) after carefully examining the record and applicable law, counsel could not identify a legally non-frivolous issue for appeal.

Pursuant to *Anders,* this court gave Mr. Villegas-Molina an opportunity to raise points in response to his attorney's *Anders* brief. *Id.* Mr. Villegas-Molina responded, stating, among other things: 1) 8 U.S.C. § 1326, under which he was convicted, is unconstitutional; 2) his indictment failed to allege his deportation occurred after conviction of a particular aggravated felony or cite to 8 U.S.C. § 1326; 3) he only pled guilty to illegal reentry and not the prior aggravated felony; 4) because of his "status as a deportable alien, he would serve his sentence under circumstances more severe than those facing citizens under similar circumstances"; 5) use of his prior conviction for aggravated assault was in violation of *United States v. Booker*, 543 U.S. 220 (2005); 6) his counsel at the sentencing hearing failed to show the district court proof of his GED, school

[1] Mr. Villegas-Molina's counsel is relying on 18 U.S.C. § 3742(a), which states that a sentence which falls within the Guidelines cannot be successfully appealed unless it is imposed in violation of law, as a result of an incorrect application of the Guidelines, or is otherwise premised on facial illegality, improper calculations, or clearly erroneous fact findings. *See* 18 U.S.C. § 3742(a)(1) and (2).

records, check stubs, W-2 tax forms, and a letter to President Bush; and instead, when Mr. Villegas-Molina tried to speak, his counsel told him to be quiet; 7) his aggravated felony conviction occurred fourteen years ago, and at the time he was young and unaware of the consequences; 8) since his deportation in 1995, he has worked, stayed out of trouble, and provided for his wife and two daughters – one who is a college student and the other who is eight years old and is very attached to him; and 9) his entire family, including his aging parents, are in the United States and he has no one in Mexico, where he finds it difficult to live. We construe Mr. Villegas-Molina's arguments as a claim his counsel provided ineffective assistance, and claims his sentence was imposed in violation of law pursuant to 18 U.S.C. § 3742, or his sentence is otherwise unreasonable in light of the § 3553(a) factors, including the nature and circumstances of his offense and his history and characteristics.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. We begin by noting Mr. Villegas-Molina has not shown he raised any of his arguments before the district court for its review. Nevertheless, when a defendant's "claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). Instead, we review

for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.* We review for reasonableness the sentence imposed and have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (*per curiam*). We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted). This involves an assessment of the procedural and substantive reasonableness of the sentence. *See United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1055. In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.* at 1054.

With these principles in mind and after a careful review of the record, we note the district court in this case explicitly considered the factors in § 3553(a),[2]

---

[2] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(continued...)

and therefore the record provides a clear "indication" it considered the requisite factors. *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115-16 (10th Cir. 2006). In fact, the district court reduced the criminal history score after hearing Mr. Villegas-Molina's argument his criminal history was overstated, which resulted in a lower Guidelines range than initially calculated. Because the district court properly considered the relevant Guidelines range and sentenced Mr. Villegas-Molina within that range, his sentence is presumptively reasonable and Mr. Villegas-Molina clearly has not rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1055. In other words, Mr. Villegas-Molina has not shown the circumstances he describes, when viewed in light of the § 3553(a) factors, are sufficient to transform his presumptively reasonable sentence into an

---

[2](...continued)
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

unreasonable one.

As to Mr. Villegas-Molina's other arguments that his sentence is in violation of the law, we generally will not address arguments presented for the first time on appeal. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). Even if we were to consider them, they are clearly without merit. For example, contrary to Mr. Villegas-Molina's contentions, the indictment explicitly states he was previously convicted of an aggravated felony and that he reentered the United States in violation of 8 U.S.C. § 1326, to which he pled guilty; no support exists for his cursory claim 8 U.S.C. § 1326 is facially or otherwise unconstitutional; and *Booker* does not prohibit the use of a prior conviction in calculating a sentence, but stands for the proposition the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244.

Finally, ineffective assistance of counsel claims generally should be brought in the first instance on collateral review under 28 U.S.C. § 2255 to ensure this court receives a developed factual record, assisted by a district court's opinion, given the district court is more familiar with the underlying proceedings and counsel's performance. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). In this case, it appears at least some of the documents which

Mr. Villegas-Molina complains his counsel failed to give to the district court at the sentencing hearing may have been submitted to the district court prior to or at that hearing, which the district court reviewed before imposing Mr. Villegas-Molina's sentence. However, because the record is insufficient for the purpose of making such a determination, we decline to consider Mr. Villegas-Molina's ineffective assistance of counsel claim on direct appeal.

For these reasons, no meritorious appellate issues exist. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Villegas-Molina's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge