**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 06-4252 |
| | (D.Ct. No. 2:05-CR-892-TC-ALL) |
| LARRY STODDARD, | (D. Utah) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT***

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

Appellant Larry Stoddard pled guilty to executing a scheme or artifice to

---

* This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

commit heath care fraud in violation of 18 U.S.C. § 1347. The district court sentenced Dr. Stoddard to twelve months imprisonment followed by three years supervised release. Dr. Stoddard now appeals his conviction and sentence through his attorney, who has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss Dr. Stoddard's appeal.

## I. Background

Dr. Stoddard was licensed to practice medicine and prescribe controlled substances in Utah where he operated Utah Hyperbaric Oxygen Therapy.[1] He also qualified as an approved health care provider entitled to payments from the Medicare program for services provided to qualified beneficiaries. Under Medicare rules and regulations, hyperbaric oxygen therapy services must be performed under the attendance and supervision of a licensed physician in order to qualify for Medicare coverage. In 2005, following an investigation, the government brought a twelve-count indictment against Dr. Stoddard charging he executed a scheme or artifice to commit health care fraud and submit false claims. Specifically, the indictment charged Dr. Stoddard directed others to perform

---

[1] In 2003, during the investigation which eventually led to his indictment, Dr. Stoddard surrendered his medical license.

-2-

hyperbaric oxygen therapy in a monoplace chamber on certain Medicare beneficiaries without his or any other licensed physician's attendance and supervision and then submitted claims falsely representing to the Medicare program and Regence, a fiscal agency of the United States, that he or another licensed physician performed the hyperbaric oxygen therapy services rendered.

Dr. Stoddard agreed to plead guilty to one count of executing a scheme or artifice to commit health care fraud in violation of 18 U.S.C. § 1347 in exchange for dismissal of the other charges. After Dr. Stoddard pled guilty, the probation officer prepared a presentence report in which he calculated Dr. Stoddard's sentence, determining: 1) his base offense level was 6, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2B1.1(a)(2); 2) the base level should be increased eight levels to 14, pursuant to U.S.S.G. § 2B1.1(b)(1)(E), because the loss was at least $70,000 but less than $120,000; and 3) he should receive a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, for a resulting total offense level of 12. Based on Dr. Stoddard's criminal history, the probation officer calculated his criminal history level at II, resulting in a Guidelines sentencing range of twelve to eighteen months imprisonment. Neither the government nor Dr. Stoddard filed a formal objection to the presentence report.

At sentencing, Dr. Stoddard did not dispute the facts represented in the presentence report or that the advisory Guidelines range was twelve to eighteen months imprisonment, but requested home confinement rather than incarceration based on his medical problems and because he cared for his disabled son and daughter while his wife worked. After questioning by the district court, Dr. Stoddard's counsel acknowledged Dr. Stoddard participated in past criminal conduct involving a pattern of falsity in the conduct of his medical profession and had a history of reliance on pain killers.[2] In turn, government counsel argued incarceration of twelve to eighteen months was warranted, due, in part, to the seriousness of the offense of not rendering supervision during care of patients undergoing hyperbaric treatment and to send a message to the medical community not to falsify medical claims. Dr. Stoddard then addressed the court, stating, "I agree with what [counsel] said. I broke the law, and I'm sorry. Nothing else. I regret that I did it. I'm sorry." R., Supp. Vol. 1 at 10.

The district court then imposed a twelve-month sentence, stating it was appropriate for the purpose of deterring Dr. Stoddard from future crimes given it

---

[2] Dr. Stoddard's criminal history includes falsely obtaining or dispensing a prescription and illegal possession of a controlled substance, as well as attempted submission of a false or fraudulent insurance claim. He also twice participated in substance abuse programs for prescription pain medication use in order to retain his medical license and is currently on various medications for pain, although he and his wife insist his need for pain medication is mis-characterized as an addiction and deny he is in need of substance abuse treatment.

was his third offense and he continued to demonstrate a pattern of criminal behavior. In rendering the sentence, the court directed Dr. Stoddard to submit to drug testing and participate in a drug abuse treatment program and recommended he receive a full medical screening and incarceration in a medical facility.

## II. Discussion

Dr. Stoddard filed a timely notice of appeal, after which his counsel filed an *Anders* appeal brief alleging no meritorious appellate issues exist and moving for an order permitting him to withdraw as counsel. *See Anders*, 386 U.S. at 744. In support of the contention no meritorious appellate issues exist, Dr. Stoddard's counsel points out the district court either implicitly or explicitly considered the sentencing factors outlined in 18 U.S.C. § 3553(a). In support, counsel explains the district court considered or discussed: 1) the nature of Dr. Stoddard's offense and his history and characteristics, which included his pattern of falsity in the medical profession, his drug problems, and his family responsibilities; 2) the need for deterrence based on Dr. Stoddard's prior crimes; 3) his need for medical care; and 4) his family responsibilities related to the care of his disabled son and daughter, which the district court weighed against the need for deterrence.[3]

---

[3] We further note the district court considered government counsel's argument concerning the seriousness of the crime in not rendering supervision during care of patients undergoing hyperbaric treatment and the need for deterrence in sending a message to the medical community not to falsify claims.

Counsel further asserts the factors not explicitly referenced by the district court would not warrant a remand under the circumstances presented and points out the district court also properly considered the applicable Guidelines in rendering the twelve-month sentence. For these reasons, counsel suggests Dr. Stoddard's appeal is frivolous and requests an order authorizing counsel's withdrawal and dismissing the appeal.

Pursuant to *Anders,* this court gave Dr. Stoddard an opportunity to raise points in response to his attorney's *Anders* brief. *Id.* Dr. Stoddard did not file a response.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. The *Anders* brief before us raises an issue concerning whether the sentence of twelve months is reasonable under the § 3553(a) factors, which is an argument Dr. Stoddard did not raise before the district court. Nevertheless, when a defendant's "claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *cert. denied,* ___ S. Ct. ___, 2007 WL 1854536 (U.S. Jun. 29, 2007) (No. 06-7990).

We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.* We require reasonableness in two respects: "the length of the sentence, as well as the method by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (emphasis omitted). In order to be reasonable a sentence must be both procedurally and substantively sound. *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). A procedurally reasonable sentence is one that is "calculated utilizing a legitimate method." *Id.* In this case, Dr. Stoddard does not contest the procedural reasonableness of his sentence nor does our review of the record suggest any error occurred in its calculation.

Next, we look at the substantive reasonableness of Dr. Stoddard's sentence. A sentence is substantively reasonable so long as the district court did not abuse its discretion. *See Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2465 (2007). On appellate review, a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See id.; Kristl*, 437 F.3d at 1053-54. If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* at 1055. We have also held

that a decision to impose a sentence at the low end of the Guidelines range may be read as a functional rejection of the defendant's arguments based on any of the § 3553(a) factors. *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006). "[A]lthough the district court is not obligated to expressly weigh on the record each of the factors set out in § 3553(a), it must state its reasons for imposing a given sentence." *Id.* at 1116 (quotation marks and citations omitted). In determining whether the district court properly considered the applicable Guidelines, we review its legal conclusions de novo and its factual findings for clear error. *See Kristl,* 437 F.3d at 1054.

With these principles in mind and after a careful review of the record, we note counsel correctly points out the district court considered the applicable factors provided in § 3553(a)[4] by explicitly discussing them or by considering

---

[4] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...

(continued...)

arguments raised by both counsel in conjunction with those factors. As a result, the district court considered Dr. Stoddard's past criminal history of medical fraud; his poor health, drug abuse, and family responsibilities; the seriousness of his offense; the need for deterrence; and provision of medical and substance abuse treatment. For these reasons, the record provides a clear "indication" the district court considered the requisite factors. *See Sanchez-Juarez*, 446 F.3d at 1115-16. As to any factors not explicitly discussed by the district court, we agree with counsel, based on the record before us, that none of those factors warrant remand for resentencing. It is also clear the district court stated its reasons for imposing the twelve-month sentence and, in so doing, stressed the need to deter Dr. Stoddard from further criminal conduct. Moreover, because the district court properly considered the relevant Guidelines range and sentenced Dr. Stoddard within that range, his sentence is presumptively reasonable, and he has not rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1055. In other words, Dr. Stoddard has not shown the circumstances he describes, when viewed in light of the § 3553(a) factors, are sufficient to transform his presumptively reasonable sentence into an unreasonable one. Thus, in making our review as to

---

[4](...continued)
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

the substantive reasonableness of Dr. Stoddard's twelve-month sentence, we find no abuse of discretion occurred.

## III. Conclusion

For these reasons, no meritorious appellate issues exist. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Dr. Stoddard's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-10-