**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ARMANDO TREJO-MOLINA,
AKA Jose Trejo-Molina, a/k/a Jose
Armando Molina, a/k/a Jose Armando,
a/k/a Jose Trejo, a/k/a Jose Molina,
a/k/a Jose Armando Trejo, a/k/a Jose
Armando Trego, a/k/a Fernando
Martinez, a/k/a Alejandro Pulido,

    Defendant-Appellant.

No. 07-1126
(D.C. No. 06-CV-00443-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Defendant-Appellant Jose Armando Trejo-Molina, a Colorado federal

prisoner appearing through counsel, was charged in a one-count indictment with

Illegal Reentry After Deportation Subsequent to an Aggravated Felony

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10th CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* FED. R. APP. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence

Report ("PSR") computed his sentencing range under the United States

Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") to be 57 to 71

months' imprisonment. The district court sentenced him to 57 months. Mr.

Trejo-Molina challenges his conviction and sentence. Exercising jurisdiction

pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

Mr. Trejo-Molina pleaded guilty pursuant to a written plea agreement with

the government, whereby he agreed to plead guilty to the one-count indictment in

exchange for the government's agreement that (1) he should receive a two-point

reduction in the offense level for acceptance of responsibility, pursuant to

U.S.S.G. § 3E1.1(a), and that (2) the government would move the court for an

additional one-point reduction for acceptance of responsibility under U.S.S.G. §

3E1.1(b). The PSR stated that the base offense level was eight, pursuant to

U.S.S.G. § 2L1.2(a), and that a 16-point upward adjustment would apply for

being a deported alien previously convicted of a crime of violence, pursuant to

U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court found Mr. Trejo-Molina's

criminal history category to be IV, which resulted in an advisory guideline range

of 57 to 71 months.

Neither party objected at sentencing to the PSR's factual recitations or

sentencing computations. Mr. Trejo-Molina did request, however, a downward

variance. As grounds, he argued that the prior crime-of-violence conviction was old (i.e., seventeen years old) and that it produced allegedly illogical sentencing effects because it was a California "Wobbler" offense. The felony or misdemeanor status of such offenses apparently was dependent on the actual sentence imposed and Mr. Trejo-Molina alleged that it was illogical that his conviction, for which he was sentenced to probation, should be deemed a felony. R., Vol. II, Tr. at 3-5 (Sentencing Hearing, dated Mar. 23, 2007). The district court expressly acknowledged these arguments but determined, under the factors enumerated in 18 U.S.C. § 3553(a), that it was appropriate to sentence Mr. Trejo-Molina at the bottom of the Guidelines range.

## II. DISCUSSION

Mr. Trejo-Molina's counsel (who also represented him in the district court) has filed a brief pursuant to *Anders v. State of Cal.*, 386 U.S. 738 (1967) and seeks to withdraw. *Anders* teaches that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744. Mr. Trejo-Molina's counsel concluded that this appeal is frivolous in that no substantive grounds for appeal exist. Mr. Trejo-Molina had the opportunity to file a brief in response to his counsel's brief, but did not do so.

We have conducted an independent review of the record and agree with Mr. Trejo-Molina's counsel.  There are no non-frivolous grounds for appeal.  Because Mr. Trejo-Molina pleaded guilty and did not go to trial, we reach that conclusion after examining his guilty plea and his sentencing.  Given our assessment, it is appropriate to permit Mr. Trejo-Molina's counsel to withdraw.

## A.  The Guilty Plea

In order for a guilty plea to be valid, it must be knowing, intelligent, and voluntary.  *See, e.g.*, *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).  Generally, district courts are required, under Rule 11 of the Federal Rules of Criminal Procedure, to specifically ensure that a defendant understands:  the nature of the charge; the maximum possible penalties, as well as any mandatory minimum prison terms; the rights attendant to a jury trial, including the right to confront and cross-examine witnesses, to compel the attendance of witnesses, and to testify and present evidence on his own behalf; the right to be protected from compelled self-incrimination; and, further, that his trial rights are waived if the court accepts his guilty plea, and the court is obliged to calculate and consider the applicable Guidelines sentencing range.  FED. R. CRIM. P. 11(b)(1).  A district court is also required to personally address the defendant as to the voluntariness of his plea and determine that there is a factual basis for the plea.  FED. R. CRIM. P. 11(b)(2)-(3).  From our careful review of the record, it is readily apparent that the district court fully complied with all of Rule 11's requirements and we are

aware of no other grounds upon which to question the propriety of Mr. Trejo-

Molina's plea proceeding.  Accordingly, we uphold his conviction.

## B.  Sentencing

We recently outlined the standards that govern our review of sentences:

> On appeal, we review sentences for reasonableness, which has both procedural and substantive dimensions.  That is, we consider both the length of the sentence, as well as the method by which the sentence was calculated.  A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure.  A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.

*United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008)

(quotation marks, citations, and alterations omitted).  "[A] within-Guidelines

sentence is entitled to a presumption of substantive reasonableness on appeal.

The defendant may rebut this presumption by showing that his sentence is

unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)."

*United States v. Alapizco-Valenzuela*, __F.3d__, No. 07-3327, 2008 WL 4866609,

*4 (10th Cir. Nov. 12, 2008) (citations omitted).

It is beyond peradventure that the district court did not commit procedural

or substantive error in sentencing Mr. Trejo-Molina.[1]  Regarding the procedure,

_____

[1]    Mr. Trejo-Molina did not object to the district court's procedure in calculating his sentence.  "As a general rule, when a defendant fails to preserve

(continued...)

with the explicit approval of Mr. Trejo-Molina, the district court relied upon the PSR's computations in determining the Guidelines sentencing range and no error is apparent in those computations. The court then thoroughly considered the § 3553(a) factors in its assessment of "the kinds of sentences available and the sentencing range established by the guidelines." R., Vol. II, Tr. at 8. As for Mr. Trejo-Molina's request for a downward variance, the district court expressly acknowledged the two bases for it—the age of Mr. Trejo-Molina's conviction and the allegedly "unusual" effects of California's "Wobbler" statute—and entertained arguments from Mr. Trejo-Molina in support of his request. *Id.* at 3-6, 9. Ultimately, however, the court concluded that a sentence within the Guidelines range was appropriate, noting that Mr. Trejo-Molina "has a serious criminal history [including several prior felony convictions] and it is worth imposing a guideline sentence to protect the public." *Id.* at 9. In addition, in light of Mr. Trejo-Molina's recidivism, the court stressed the need to impose a

---

[1](...continued)
an objection to the procedural reasonableness of his sentence, we review only for plain error." *Martinez-Barragan*, 545 F.3d at 899 (citing *United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007)). However, we have no need to undertake a full plain error analysis because it is patent that any procedural challenge by Mr. Trejo-Molina fails at the first step of plain error—*viz.*, there is no error. When a defendant's challenge is to the length of his sentence, he need not object before the district court to preserve the challenge. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). But we conclude on the substantive front, as well, that the district court committed no sentencing error.

significant prison term to deter him. *Id.* ("Maybe this time he will finally get it if he serves a substantial prison term.").

Our precedent clearly establishes that the district court's sentencing procedure was sound and free from error. *See Martinez-Barragan*, 545 F.3d at 902-04; *United States v. A.B.*, 529 F.3d 1275, 1289-90 n.18 (10th Cir. 2008). Regarding any substantive challenge to the length of his sentence, Mr. Trejo-Molina would need to be able to rebut the presumption of reasonableness that attaches to his low-end, within-Guidelines sentence by reference to § 3553(a) factors, and we discern no grounds that would allow him to do so. *See United States v. Sells*, 541 F.3d 1227, 1236-37 (10th Cir. 2008). Accordingly, we uphold his sentence.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** Mr. Trejo-Molina's conviction and sentence and **GRANT** the motion of Mr. Trejo-Molina's counsel to withdraw.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge