BRISCOE, Circuit Judge,
concurring:
I fully agree with the majority that the district court did not abuse its discretion in sentencing Chavez-Suarez, and thus I concur in the judgment. I write separately, however, because I cannot agree with the majority’s reasoning. As evidenced by the district court’s statements at sentencing, the district court was fully aware of the scope of its sentencing discretion and the court employed great care in the exercise of that discretion.
“[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard.” United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir.2008). “Reasonableness review is [typically] a two-step process comprising a procedural and a substantive component.” Id. (internal quotation marks omitted). Here, however, Chavez-Suarez does not dispute the procedural reasonableness of his sentence. Indeed, he filed no objections to the presentence report’s sentencing calculations, which were adopted in full by the district court. Instead, he challenges only the substantive reasonableness of his sentence.
“Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).” Id. (internal quotation marks omitted). If the sentence is within the correctly-calculated Guidelines range, it is considered presumptively reasonable on appeal, unless the defendant “rebut[s] this *1140 presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a).” United States v. Kristi, 437 F.3d 1050, 1055 (10th Cir.2006).
Chavez-Suarez’s main contention on appeal is that the Sentencing Guidelines’ calculations effectively overstated, through imposition of a 16-level enhancement, the seriousness of his prior drug-trafficking conviction. But the district court expressly considered and rejected that contention, noting that Chavez-Suarez knowingly engaged in the trafficking of marijuana with the sole intent “to make money,” and not, as is the case with many defendants, to support their own personal drug use. ROA, Vol. 2 at 25. The district court also noted that Congress had specifically chosen to treat “drug distribution [a]s an aggravated felony.” Id. Lastly, the district court concluded “that the age of [the] previous conviction ... [was] not relevant” because as regards reentry it imposed a continuous “disability” on Chavez-Suarez, making “it a much more serious crime for him to return” to the United States. Id. at 27. Nothing about these rationales, or the district court’s ultimate rejection of Chavez-Suarez’s contention, constitutes an abuse of discretion. See United States v. Pruitt, 502 F.3d 1154, 1166 (10th Cir.2007) (“Selling ... illegal drugs is a serious offense that detrimentally impacts other people’s lives .... ”), vacated on other grounds,—U.S.-, 128 S.Ct. 1869, 170 L.Ed.2d 741 (2008); United States v. Carr, 939 F.2d 1442, 1448 (10th Cir.1991) (“Drug trafficking crimes are serious.... ”); United States v. Torres-Duenas, 461 F.3d 1178, 1183 (10th Cir.2006) (affirming as substantively reasonable a 41-month sentence for illegal reentry that was based, in part, on a sixteen-level enhancement resulting from a nearly twenty-year-old felony conviction).
Chavez-Suarez next asserts that a substantially shorter sentence would have sufficed to deter him from future crimes. But the district court considered and rejected that argument as well, noting that Chavez-Suarez had entered the United States illegally on four prior occasions. The district court found it significant that the two most recent of those illegal reentries occurred after Chavez-Suarez had been convicted of the drug-trafficking offense and was thus “subject to being prosecuted federally for aggravated re-entry after a conviction.... ” ROA, Vol. 2 at 26. Further, the district court emphasized that Chavez-Suarez, “instead of responding to” his apprehension and deportation in 2002, which the district court termed a “close call,” “nonetheless decided that he would return to the United States.” Id. at 26-27. In my view, the district court again acted well within its discretion in rejecting Chavez-Suarez’s arguments.
Chavez-Suarez’s final argument is that his “personal characteristics” alone justified a below-Guidelines sentence. Notably, the district court agreed that Chavez-Suarez was a “good” and “reliable” worker, that “[h]is neighbors f[ound him to be] a good and reliable person,” and that “he ha[d] raised fine children.... ” Id. at 26. Significantly, however, the district court concluded that these mitigating factors were outweighed by other § 3553(a) factors, particularly the need for deterrence and, to a lesser degree, the need to protect the public “from people who decide to return to the United States illegally after they have been deported for criminal offenses. ...” Id. at 28. Nothing about this determination constitutes an abuse of discretion.