FILED
United States Court of Appeals
Tenth Circuit

March 21, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LAVARES L. LYONS,

     Defendant - Appellant.

No. 10-3246
(D.C. No. 06-CR-40010-SAC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

The origins of this appeal trace back to Lavares Lyons's decision to plead

guilty to violating 18 U.S.C. § 922(g)(9), a statute that prohibits a person from

possessing a firearm after having been convicted of a crime of domestic violence.

For this offense, the district court initially sentenced Mr. Lyons to probation,

though subject to various conditions. When Mr. Lyons violated one of those

conditions — a condition prohibiting him from using illegal drugs — the district

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court sentenced Mr. Lyons to a prison term followed by supervised release.  After his release, however, Mr. Lyons violated a condition of his supervised release, once again by possessing illegal drugs.  For this, the district court sentenced Mr. Lyons to 12 months and one day in prison followed by a year of supervised release.  It is this most recent sentence Mr. Lyons seeks to challenge now before us.

Mr. Lyons argues that his sentence was procedurally unreasonable.  But because he didn't raise this objection below we may review it only for plain error.  *See United States v. Torres-Duenas*, 461 F.3d 1178, 1182–83 (10th Cir. 2006).  To justify reversal under this standard, Mr. Lyons bears the burden of demonstrating "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007).  Even assuming Mr. Lyons can meet the first two requisites of the plain error standard, however, he doesn't even attempt to bear his burden of showing how the latter two prongs might be met in his case.  For this reason, we must reject his procedural reasonableness challenge.

Separately, Mr. Lyons intimates that his sentence was also substantively unreasonable.  We generally review such challenges under a deferential abuse of discretion standard.  *See United States v. Smart*, 518 F.3d 800, 805-06 (10th Cir. 2008).  In this case, the district court initially proposed a 12 month term, a

- 2 -

sentence falling within the range suggested by the Guidelines and so entitled to a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Mr. Lyons then asked the court to add one more day to his sentence in order to allow him to take advantage of good time credit under 18 U.S.C. § 3624(b)(1). The court acceded to his request and on appeal Mr. Lyons offers no reason to think any of this was substantively unreasonable. To be sure, he offers various conclusory assertions, including that his sentence is "greater than necessary to meet the statutory sentencing objectives." But such undeveloped, conclusory claims are insufficient as a matter of law to have this court vacate a district court's sentencing decision as an abuse of discretion.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge