**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 4, 2007**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

FRANCISCO MENDOZA-TORRES,

     Defendant-Appellant.

No. 06-2200
(D.Ct. No. CR-06-45-JH)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G).  The case is

therefore ordered submitted without oral argument.

Appellant Francisco Mendoza-Torres pled guilty to one count of illegal

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1)–(2) and (b)(2). He now appeals his sentence, arguing it is unreasonable when viewed under the 18 U.S.C. § 3553(a) sentencing factors based on family circumstances, including his concern for his wife's health and his children's need for support and care, which compelled his illegal return to the United States. In addition, he contends: 1) government officials repeatedly misled him into believing he could return to the United States, and 2) the sixteen-level enhancement under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(b)(1)(A), for previously being deported following a conviction for a felony crime of violence, unreasonably lengthened his sentence under § 3553(a) because it fails to serve the traditional objectives of criminal punishment, including retribution, deterrence, incapacitation, and rehabilitation. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Mendoza-Torres's sentence.

## I. Procedural Background

After Mr. Mendoza-Torres pled guilty, the probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The probation officer set his base offense level at eight pursuant to U.S.S.G. § 2L1.2(a), increased his base level sixteen levels pursuant to § 2L1.2(b)(1)(A) because he possessed three prior felony convictions for armed robbery

-2-

constituting crimes of violence, and reduced his offense level by three levels for acceptance of responsibility pursuant to § 3E1.1, resulting in a total offense level of twenty-one. The presentence report also set Mr. Mendoza-Torres's criminal history category at IV, which, together with an offense level of twenty-one, resulted in a recommended Guidelines sentencing range of fifty-seven to seventy-one months imprisonment.

The presentence report stated that during his interview with the probation officer, Mr. Mendoza-Torres advised his wife was diagnosed with ovarian cancer; in addition, Mr. Mendoza-Torres's wife advised the probation officer: 1) she had been diagnosed three years earlier with a tumor in her uterus; 2) a recent biopsy determined it was benign; and 3) surgery was scheduled to remove it. She further advised: 1) her brothers offered assistance, including sending money and taking the youngest three of their six children until her recovery; 2) her neighbors offered to help by driving their children to and from school; 3) she received financial support in the form of food stamps, Medicaid, and low-income housing; and 4) she planned to resume her part-time catering business after recovery from surgery.

Mr. Mendoza-Torres filed a formal written objection to the presentence report, which he renewed at the sentencing hearing, requesting a downward

departure under Chapter Five of the Guidelines based on his exceptional family circumstance, which he explained caused his illegal reentry into the country.[1] He based his claim on his belief at the time of his reentry that his wife had ovarian cancer and his children needed his support. At the sentencing hearing, he also argued the government was equitably estopped from prosecuting and sentencing him because when he was deported in 1992, 1993, 2001, and 2004, the government misled him into thinking he could return to the United States by telling him to contact a probation officer or department on his return. In response, the government pointed out that regardless of what Mr. Mendoza-Torres was told by state authorities, in 2004 he signed Form I-294, called "Warning to Aliens Ordered Removed or Deported," in which he acknowledged he was prohibited from entering, attempting to enter, or being in the United States at any time because he had been convicted of an aggravated felony, and that he must obtain permission from the Attorney General to reapply for admission to the United States.

After hearing and considering the parties' arguments, the district court stated it had reviewed the presentence report and factual findings and considered the advisory Guidelines applications, the 18 U.S.C. § 3553(a) sentencing factors,

---

[1] Specifically, U.S.S.G. § 5H1.6 states that family ties and responsibilities "are not relevant in determining whether a sentence should be below the applicable guideline range."

and the documents submitted by Mr. Mendoza-Torres. It further stated that it must look at all the facts and impose what it believed to be a reasonable sentence based on those facts as well as the statutory sentencing factors. It then sentenced Mr. Mendoza-Torres to the low end of the Guidelines range to fifty-seven months imprisonment. In so doing, the district court stated it understood Mr. Mendoza-Torres's argument about his wife's medical condition, but that an important consideration in its sentencing decision was the availability of individuals to help her. The district court also stated it could not ignore his criminal history record, and that based on everything it reviewed, a fifty-seven-month sentence was reasonable.

## II. Discussion

On appeal, Mr. Mendoza-Torres argues a fifty-seven-month sentence is unreasonable under the 18 U.S.C. § 3553(a) factors as punishment for his mere crossing of an artificial, political boundary line to be with his wife, after her initial diagnosis of ovarian cancer; and his children, who suffer depression caused by separation from their father. He also renews his argument his sentence is inappropriate because the government misled him into believing he could reenter the country so long as he advised his probation officer. Finally, based on the record provided, it appears that for the first time on appeal, Mr. Mendoza-Torres suggests the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), for

previously being deported following a conviction for a felony crime of violence, unreasonably lengthened his sentence because it fails to serve the traditional objectives of criminal punishment, including retribution based on the seriousness of the offense and respect for the law, deterrence from committing future crimes, incapacitation to protect the public, and rehabilitation.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a)[2] is called a "variance." *United States v. Atencio*, 476 F.3d

---

[2] 18 U.S.C. § 3553(a) provides, in part, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

1099, 1101 n.1 (10th Cir. 2007) (en banc request denied). Thus, on appeal, it is evident Mr. Mendoza-Torres is no longer requesting a downward departure under Chapter Five, but claiming his sentence is unreasonable under the § 3553(a) factors warranting a variance for a below-Guidelines sentence based on the same family circumstances previously raised.

While Mr. Mendoza-Torres did not previously frame his objections expressly in the context of a variance under § 3553(a), we do not require a defendant to make such an objection in order to preserve a claim his sentence is unreasonably long under those factors. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). Instead, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.* These factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). We have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See id.* at 1053-54. We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated." *Id.* at 1055 (emphasis

omitted). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *Id.* "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* at 1054. In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *See id.*

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006). "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006), *petition for cert. filed* (Jul. 7, 2006) (No. 06-5217). While "we will not demand that the district court recite any magic words" to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the § 3553(a)

-8-

factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." *Sanchez-Juarez*, 446 F.3d at 1115-16 (quotation marks and citations omitted).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alterations, and citation omitted).

Because the district court in this case applied the relevant Guidelines range and sentenced Mr. Mendoza-Torres within that range, his sentence is presumptively reasonable and he must rebut this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). In attempting to rebut this presumption, Mr. Mendoza-Torres argues his sentence is unreasonable based on his extraordinary family circumstance. We disagree.

In the instant case, the district court stated it understood Mr. Mendoza-Torres's argument about his wife's medical condition, but that an important consideration in its sentencing decision was the availability of other individuals to help her. From a review of the record, it is also clear the district court considered Mr. Mendoza-Torres's family circumstance together with the other § 3553(a)

sentencing factors, including his criminal history record, and based on everything it reviewed, determined a fifty-seven-month sentence was reasonable. Thus, Mr. Mendoza-Torres's family circumstance is but one of the factors the district court considered, and it was not required to single out or give more weight to that factor than any other factor. Therefore, Mr. Mendoza-Torres has not demonstrated his family circumstance, when viewed in light of the other § 3553(a) factors, is sufficiently compelling for the purpose of making his sentence unreasonable.

We next address Mr. Mendoza-Torres's argument on appeal that the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), for previously being deported following a conviction for a felony crime of violence, unreasonably lengthened his sentence under § 3553(a) because it fails to serve the traditional objectives of criminal punishment, including retribution, deterrence, incapacitation, and rehabilitation. To the extent Mr. Mendoza-Torres is claiming the district court erroneously applied this Guidelines section to his sentence, we review his claim for the first time on appeal for plain error. *See Torres-Duenas*, 461 F.3d at 1182-83. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1180 (quotation marks and citation omitted). However, because the record patently discloses Mr.

Mendoza-Torres was previously deported following three convictions for armed robbery constituting crimes of violence, it is clear the district court did not err in applying § 2L1.2(b)(1)(A). Having found no error, we need not address the remaining disjunctive plain error elements, other than note Mr. Mendoza-Torres has not directed us to any fact or issue of law that renders the application of § 2L1.2(b)(1)(A) unreasonable or inappropriate.

To the extent Mr. Mendoza-Torres is claiming his sentence is unreasonably long under the § 3553(a) factors based on the issues of retribution, deterrence, incapacitation, and rehabilitation, we will review his claim as he was not required to raise the issue his sentence is unreasonably long in order to preserve it for review. *See id.* at 1183. However, because Mr. Mendoza-Torres did not previously raise any substantial contentions relating to his arguments concerning retribution, deterrence, incapacitation, and rehabilitation, and the district court imposed a sentence within the Guidelines range, the district court was not required to explain on the record how those factors justified the sentence. *See Lopez-Flores*, 444 F.3d at 1222.

Having determined the district court was not required to explicitly discuss the contentions not raised by Mr. Mendoza-Torres, he has not demonstrated his sentence does not reasonably reflect the § 3553(a) factors for consideration,

including the nature of the offense and his characteristics, including his extensive criminal history as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, and to protect the public. More specifically, the record shows Mr. Mendoza-Torres repeatedly illegally reentered the country following his numerous deportations, and, during one period of reentry, in 1996, he committed three counts of armed robbery, which is not a trivial offense. He has now again illegally reentered the country, thereby demonstrating the need for a sentence sufficient to provide future deterrence and protect the public.

Finally, we reject Mr. Mendoza-Torres's claim the government is equitably estopped from sentencing him because it allegedly misled him into believing he could reenter the country. As the government points out, Mr. Mendoza-Torres previously acknowledged he was prohibited from entering the United States due to his conviction for an aggravated offense and that he must obtain permission from the Attorney General to reapply for admission to the United States. Moreover, regardless of whether Mr. Mendoza-Torres did not understand his reentry into the United States was illegal or the consequences of his reentry, we have held "nothing more than a showing of general intent is required," and "the government need not show that [the] defendant willfully and knowingly engaged in criminal behavior, but only that the defendant's acts were willful and knowing

– that [he] willfully and knowingly reentered the United States and that he did so without the Attorney General's permission." *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1165 (10th Cir. 1999). Given Mr. Mendoza-Torres pled guilty to illegal reentry, which includes an intention to willfully and knowingly reenter the country, his argument he did not understand his reentry was criminal or involved penalties is irrelevant for the purposes of this appeal.

Under the circumstances presented, it was not unreasonable for the district court to determine a sentence imposed at the bottom of the applicable Guidelines range sufficiently reflected the factors in § 3553(a), and Mr. Mendoza-Torres has not otherwise demonstrated his sentence is unreasonable when viewed against those factors.

III. Conclusion

For these reasons, we **AFFIRM** Mr. Mendoza-Torres's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-13-