**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER MILLER,

    Defendant-Appellant.

No. 06-1480
(D.Ct. No. 04-cr-00507-PSF)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

    Appellant Christopher Miller pled guilty to robbery affecting interstate

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

commerce in violation of 18 U.S.C. § 1951(a) and brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He now appeals his eighty-four-month sentence for brandishing a firearm, on grounds the district court's application of the mandatory minimum sentence proscribed by 18 U.S.C. § 924(c) resulted in a gross disparity of sentencing between him and his co-defendant, Mr. Lardale Lewis, in violation of the Equal Protection Clause. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Miller's sentence.

## I. Factual Background

On the morning of November 15, 2004, Mr. Miller and Mr. Lewis attempted to rob a Red Lobster Restaurant in Pueblo, Colorado. The restaurant is a business in and affecting interstate commerce, importing food and other items from outside the State of Colorado for sale, and which uses the proceeds generated by its sales to reinvest in bringing in items from out of state.

On the morning of the robbery, Mr. Miller carried a handgun to the restaurant.[1] When he and Mr. Lewis encountered an employee outside of the

---

[1] Mr. Miller's plea agreement states Mr. Lewis knew Mr. Miller was armed with a firearm. In contrast, Mr. Lewis's plea agreement omits any reference to his knowledge Mr. Miller had a gun. As discussed hereafter, Mr. Lewis, unlike Mr. Miller, did not plea or admit to brandishing a weapon and the government

(continued...)

-2-

restaurant, Mr. Miller pointed the gun at the employee and directed him to lie down and give his employee jacket to him, which Mr. Miller then put on. Mr. Miller and Mr. Lewis then confronted another employee, who they directed to knock on the restaurant door in an effort to gain entry into the building. However, the employees inside the building realized what was going on and telephoned the police. Shortly after the two men fled, they were apprehended. Authorities found Mr. Miller on the roof of another business and saw him throw a functioning Glock 9mm handgun from that roof. After his arrest, Mr. Miller confessed to the crime and also implicated Mr. Lewis.

## II. Procedural Background

On May 23, 2005, Mr. Miller pled guilty to one count of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a) and one count of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). In turn, Mr. Lewis pled guilty to the robbery count, but not to brandishing a firearm.

Mr. Miller acknowledged at his plea hearing, as well as in his statement in advance of his guilty plea and his plea agreement, that by pleading guilty he

---

[1](...continued)
declined to enhance Mr. Lewis's sentence for brandishing a weapon based on its conclusion it could not prove he knew Mr. Miller had the firearm with him.

understood he would be subject to not less than seven years imprisonment for the charge of brandishing a firearm.[2] Thereafter, in preparing the presentence report for Mr. Miller, the probation officer noted Mr. Miller directly threatened two robbery victims when he brandished the firearm, pointing the gun at one restaurant employee as he laid on the ground and at another employee who felt the gun being stuck into his left side. With respect to the other defendant's presentence report, the probation officer noted a five-level adjustment for brandishing a firearm under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2B3.1(b)(2) appeared to be warranted for Mr. Lewis, but not for Mr. Miller, as he, unlike Mr. Lewis, pled guilty to brandishing a firearm in violation of 18 U.S.C. § 924(c). However, the probation officer noted that while it was "reasonably foreseeable" to Mr. Lewis that Mr. Miller would possess a firearm during the attempted robbery, the government felt it could not carry its burden of proving by a preponderance of the evidence that Mr. Lewis knew Mr. Miller was armed with a firearm when they went to rob the restaurant. As a result, the probation officer recommended against applying an upward adjustment to Mr. Lewis's sentence.

---

[2] Specifically, at the hearing, the district court pointed out to Mr. Miller that, by virtue of his guilty plea to the weapon brandishing count, he would have to serve a seven-year consecutive sentence, which Mr. Miller stated he understood.

In response to the probation officer's recommendations, Mr. Miller moved for a downward departure under U.S.S.G. § 5K2.0, on grounds his case presented exceptional circumstances because of the potential sentence disparity based on the fact he pled guilty to the firearm brandishing count, while the government dismissed the same count against Mr. Lewis. He also argued for a below-Guidelines sentence under 18 U.S.C. § 3553(a) on grounds the government could not explain why the other defendant, Mr. Lewis, received a sentence which did not include additional time under either § 924(c) or the applicable Guidelines enhancement. In addition, Mr. Miller also filed a *pro se* motion for departure, claiming, in part, that his and Mr. Lewis's different sentences constituted "selective prosecution," in violation of the Equal Protection Clause, but not specifically mentioning the unconstitutional application of 18 U.S.C. § 924(c) under the Equal Protection Clause.[3]

---

[3] The government contends Mr. Miller did not raise the issue he now brings on appeal regarding the unconstitutional disparity of his sentence compared to Mr. Lewis's sentence, which he now bases on the unconstitutional application of 18 U.S.C. § 924(c). As a result, the government argues our standard of review for his newly-raised issue is plain error. However, we construe Mr. Miller's *pro se* pleading liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and, giving him the benefit of the doubt, conclude for the purpose of this appeal he generally raised the issue in the district court when he claimed the difference in sentencing violated the Equal Protection Clause. Moreover, even if Mr. Miller had not previously framed his Equal Protection objection expressly in the context of a variance under § 3553(a), we do not require a defendant to make such an objection in order to preserve a claim his sentence is unreasonably long under those factors. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22,

(continued...)

At the sentencing hearing, the district court engaged in a discussion with government counsel over the possibility of a sentence disparity; government counsel explained that while it might be possible to prove an identical § 924(c) violation against Mr. Lewis, different circumstances existed given Mr. Lewis did not make an admission about possessing a gun or being involved in the robbery, as did Mr. Miller. Counsel also explained direct evidence connected Mr. Miller with the gun, including when authorities saw him toss it from the roof-top. Counsel also pointed out an eighty-four-month sentence constituted the statutory mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(ii), and the only Guidelines departures from the mandatory minimum did not apply to Mr. Miller's circumstance.

After considering the advisory Guidelines and the sentencing factors in 18 U.S.C. § 3553(a), together with parties' objections and arguments, the district court sentenced Mr. Miller to six months on the robbery count and eighty-four months on the firearm brandishing count, to run consecutively, for a total sentence of ninety months. In imposing the sentence, the district court noted it was a serious crime of violence placing individuals and the community in real danger of physical injury and causing psychological injury. In response to the

---

[3](...continued)
2006) (No. 06-7990). Instead, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.*

disparity argument, the district court judge noted it was an appropriate sentence

and that even if he had the ability to go below the eighty-four-month mandatory

minimum:

> I don't believe that would be appropriate under these circumstances, and I don't believe that the disparity in sentences is unfair and certainly not unconstitutional.
>
> As [government counsel] has correctly noted, there were some substantial proof differences that justified a lower sentence for the other defendant, Mr. Lewis. And so I just don't see that there is a disparity here that is unjustified given those proof limitations that occurred with respect to Mr. Lewis.

R., Vol. III at 34-35.

### III. Discussion

On appeal, Mr. Miller raises one issue. He contends an unconstitutional

disparity under the Equal Protection Clause exists, based on the application of 18

U.S.C. § 924(c), because he received a ninety-month[4] sentence for the same

conduct as his co-defendant, Mr. Lewis, who received only a thirty-two-month

sentence. In support of this contention, Mr. Miller suggests: 1) he and Mr. Lewis

are equally responsible for the robbery and, therefore, they should receive related

sentences; and 2) their conduct is the same, as evidenced by the stipulated facts in

their plea documents, which are nearly identical, with the only appreciable

---

[4] As previously indicated, Mr. Miller received both a six-month sentence for the robbery and an eighty-four-month consecutive sentence for brandishing a weapon, totaling ninety months imprisonment.

distinction being Mr. Lewis's omission in his stipulated facts that he knew of the existence of the gun at the scene of the crime. While Mr. Miller admits no controlling authority exists holding the mandatory minimum sentence statute, 18 U.S.C. § 924(c), facially or per se violates the Equal Protection Clause, he suggests its *application* in his case is unconstitutional because no rational relationship exists between the mandatory minimum sentence and the disparate sentence imposed on him in comparison to Mr. Lewis. In making his Equal Protection argument to contest his sentence, he relies on the factor in § 3553(a)(6) regarding "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." His argument on appeal no longer involves his request for a downward departure under Chapter Five of the Guidelines.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a)[5] is called a "variance." *United States v. Atencio*, 476 F.3d

---

[5] 18 U.S.C. § 3553(a) provides, in part, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(continued...)

1099, 1101 n.1 (10th Cir. 2007) (en banc request denied).  Thus, on appeal, it is evident Mr. Miller is no longer requesting a downward departure under Chapter Five.  Instead, he makes a variance request by claiming his sentence is unreasonable under § 3553(a)(6) based on an alleged unconstitutional sentencing disparity in the application of 18 U.S.C. § 924(c) to his sentence, which mandates a minimum seven-year sentence, as compared with his co-defendant's sentence of only thirty-two months.

We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a).  *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*).  The § 3553(a) factor we concentrate on in this appeal is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *See* 18

<hr>

[5](...continued)
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

U.S.C. § 3553(a)(6). We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated." *Kristl*, 437 F.3d at 1055. Because brandishing a weapon carries a mandatory minimum sentence of seven years under 18 U.S.C. § 924(c), the recommended Guidelines range in this case is the mandatory minimum of eighty-four months. *See* U.S.S.G. § 5G1.1(b). If the district court, as here, "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *Kristl*, 437 F.3d at 1055.

In addition, this court has held no constitutional error occurs when a defendant pleads guilty and receives the required mandatory minimum sentence imposed by statute, and, similarly, no non-constitutional *Booker* error occurs when, based on admitted facts in a guilty plea, "the district court had no discretion under the statute to do other than impose the mandatory minimum sentence." *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (holding, based on admitted facts in the defendant's guilty plea to conspiracy to possess with intent to distribute methamphetamine, that the district court had no discretion to do other than impose the statutory mandatory minimum sentence of 120 months imprisonment). While we recognize a Congressional objective exists in avoiding disparate sentences between co-defendants, we have determined "Congress chose to avoid unwarranted disparities through a guideline system

-10-

which considered various facts concerning the offense and the offender." *United States v. Maden*, 114 F.3d 155, 159 (10th Cir 1997) (quotation marks and citation omitted). Thus, we have concluded "'disparate sentences are allowed where the disparity is explicable by the facts on the record.'" *Id.* (quoting *United States v. Garza*, 1 F.3d 1098, 1101 (10th Cir. 1993)).

In this case, Mr. Miller pled guilty to brandishing a weapon, and the district court applied the mandatory minimum sentence required under 18 U.S.C. § 924(c)(1)(A)(ii), which is also the Guidelines range. Thus, it is clear Mr. Miller's sentence was properly calculated and a rebuttable presumption exists as to it reasonableness. *Kristl*, 437 F.3d at 1053-55. Our inquiry, then, concerns whether Mr. Miller's sentence is unreasonable under § 3553(a) based on his "as-applied" challenge to the application of § 924(c) to his circumstances. However, after a review of the applicable facts and legal principles in this case, it is clear the application of 18 U.S.C. § 924(c) in sentencing did not result in an unconstitutionally unreasonable or otherwise disparate sentence.

As the district court explained, the disparity in sentencing in this case was clearly explicable, as demonstrated by several facts. First, regardless of whether both individuals committed the same robbery, Mr. Miller pled guilty to the weapon brandishing charge and Mr. Lewis did not. In addition, Mr. Lewis did not

make any admission he knew Mr. Miller possessed a gun when they went to rob the restaurant. Next, no evidence in the record suggests Mr. Lewis brandished the weapon, while two witnesses stated Mr. Miller held the gun on them and authorities saw Mr. Miller throw a gun from a roof shortly after the robbery attempt and prior to his arrest.[6] As the probation officer noted, while it may have been reasonably foreseeable Mr. Miller would possess a firearm during the attempted robbery, the government reasonably believed it could not carry its burden of proving by a preponderance of the evidence that Mr. Lewis knew Mr. Miller was armed with a firearm when they approached the restaurant. The district court recognized this when it discussed the disparity between the two sentences under § 3553(a)(6) and stated substantial proof differences justified a lower sentence for Mr. Lewis.[7]

---

[6] The record also discloses Mr. Lewis had a low criminal history score of I, which resulted in his receiving a lower sentence than if he had a higher history score. While Mr. Miller received a mandatory minimum sentence under § 924(c), we note his criminal history score of III was higher than Mr. Lewis's.

[7] While Mr. Miller relies on *United States v. Trujillo*, 906 F.2d 1456 (10th Cir. 1990), in support of his appeal, we note the disposition in that case actually supports the disparity in sentencing in this case. In *Trujillo*, we upheld the disparity in sentencing between two co-defendants involved in the same criminal activity, given the defendant who received the longer sentence had not, like his co-defendant, accepted responsibility for his conduct, nor was he entitled to a reduction for his role in the offense. *Id.* at 1465.

### IV. Conclusion

Under these distinctly different circumstances, it is plain Mr. Miller's sentence is reasonable and no unconstitutional disparity exists. Accordingly, we **AFFIRM** Mr. Miller's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge