**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES KENT HILL,

Defendant - Appellant.

No. 06-5154

N.D. Okla.

(D.C. No. 05-CR-156-TCK)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James Kent Hill appeals from his sentence arguing it is unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

The facts of this appeal are not in dispute. Contrary to the advice of his probation officer and with an understanding it would be a violation of his probation, Hill acquired possession of a family heirloom .22 caliber rifle along with a box of ammunition and gave them to his fifteen-year-old son as a birthday gift. Hill subsequently pled guilty to the possession of a firearm after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).[1]

Hill did not object to the Presentence Investigation Report (PSR) prepared under the 2005 edition of the United States Sentencing Commission's Guidelines Manual. The PSR calculated his base offense level at 24, USSG §2K2.1(a)(2), which was reduced 2 levels for acceptance of responsibility, USSG §3E1.1(a), for a total offense level of 22. Hill's criminal history combined for a subtotal of 11 criminal history points, however because he was serving a suspended sentence at the time of the offense, 2 points were added. USSG §4A1.1(d). Additionally, because the offense was committed less than two years after his release from custody, an additional point was added for 14 total criminal history points. USSG §4A1.1(e). Hill's 14 criminal history points establish a Criminal History Category of VI. USSG Ch.5, Pt.A, sentencing table. Based on Criminal History

---

[1] Hill's former felony convictions include: (1) assault and battery with a dangerous weapon/vehicle, (2) unauthorized use of a vehicle, (3) first-degree manslaughter, (4) possession of a controlled drug, and (5) possession of marijuana.

Category VI, offense level 22, Hill's advisory guideline range was 84-105 months. *Id.*

Hill requested a sentence below the advisory guideline range based on the sentencing factors found at 18 U.S.C. § 3553(a). After taking the guidelines and the statutory sentencing factors into consideration, the district court sentenced Hill to 87 months imprisonment to be followed by a 3 year term of supervised release.[2] Hill filed a premature, but timely, notice of appeal. *See Lewis v. B. F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir. 1988) (Fed. R. App. P. 4(a)(2) permits a notice of appeal, filed prematurely, to ripen once final judgment has been rendered).

## II. Discussion

We review a district court's sentencing determination for reasonableness, which is guided by the statutory factors delineated in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir.2006). Those factors include "the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." *Id.* (citing 18 U.S.C. § 3553(a)). Hill's sentence

---

[2] The district court stated it sentenced Hill within the 77-96 month guideline range for offense level 21, Criminal History Category VI, because it was not Hill's fault he did not receive the additional point off for acceptance of responsibility. *See* USSG §3E1.1(b). Under either offense level 21 or 22, Hill's 87 month sentence was within the advisory guideline ranges.

within the advisory guideline range is presumptively reasonable. *Id*. at 1054.

A. Length of Sentence

Hill first argues his sentence is unreasonably long, obviating the need for objection in order to preserve this issue. *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) ("[W]hen the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue."). He first attempts to rebut the presumption of reasonableness by arguing that, on the spectrum of felon in possession of firearm cases, his actions did not carry the same character of criminality as others. He stylizes his actions as merely presenting a gift to his son as a rite of passage and asserts he terminated ownership of the firearm when he gave it away. Regardless of his intent, the district court properly applied the guidelines and sentencing factors in fashioning his sentence. The district court stated:

> In determining an appropriate sentence the Court has placed significant weight on the nature and circumstances of the offense and the history of the defendant. And that history has been elucidated today, apparently two assaults and batteries with a dangerous weapon, that is an automobile; malicious injury to property; unauthorized use of a motor vehicle; unlawful possession of controlled drugs, first degree manslaughter, and much of this while defendant was serving suspended sentences. . . .
> Excited about seeing a son is no excuse. He'd been warned by the probation officer not to do that. He picks a time when the mother isn't at home. . . . I know she didn't approve because she's the one that called the authorities the very next day. So apparently trying to sneak in a weapon, . . . to the wrong people at the wrong time. And to . . . stand up in front of me and say he didn't know the consequences when he'd been told what the consequences would be, is beyond me. So I don't

-4-

feel like that there's any reason to go under the guidelines.

(R. Vol. III at 10-11.) We cannot say Hill's sentence is unreasonable or the district court abused its discretion in imposing an 87 month sentence.

    B. Method Used to Calculate Sentence

Although his argument is unclear, it appears Hill also attacks the method by which his sentence was calculated under the advisory guideline system. Hill takes issue with the use of his past felony convictions to establish a base offense level and then used again to establish his Criminal History category. He argues this punishes him for his past offenses rather than for the offenses to which he pled guilty. *Citing Gipson v. Jordan*, 376 F.3d 1193, 1198-99 (10th Cir. 2004) (in light of double jeopardy protection, sentence may punish current offense which is aggravated by recidivism, but cannot serve as additional punishment for past offenses), *cert. denied*, 546 U.S. 1030 (2005) .

Hill did not raise this claim with the district court, so we review it only for plain error. *See Torres-Duenas*, 461 F.3d at 1182-83 ("[W]hen the defendant fails to object to the method by which the sentence was determined, . . . we review only for plain error."). Hill cannot overcome a plain error analysis because there is no error. The answer comes from the case cited by Hill:

> [T]he Supreme Court has explicitly articulated that enhanced
> punishment for recidivist conduct does not violate the Double
> Jeopardy Clause. That is, in upholding recidivism statutes, the Court
> has explicitly articulated that an enhanced punishment imposed for a
> later offense based on earlier offenses 'is not to be viewed as either a

-5-

new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'

*Gipson*, 376 F.3d at 1199 (citing *Gryger v. Burke*, 334 U.S. 728, 732 (1948)); *see also Nichols v. United States*, 511 U.S. 738, 747 (1994) ("Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction."). Hill is not being punished for his past crimes, but is receiving a stiffened penalty for his latest crime.

**AFFIRMED**.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge