**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JERRYCA P. CHAVEZ, a/k/a Jerryca
Baros, a/k/a Misty Hetzel,

    Defendant-Appellant.

No. 10-1415

(D.C. No. 1:10-CR-00047-CMA-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Jerryca Chavez appeals from her sentence of 60 months' imprisonment for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pleading guilty to one count of wire fraud and one count of aggravated identity theft. Chavez's appointed counsel filed an <u>Anders</u> brief (1) asserting that there are no non-frivolous grounds upon which Chavez can appeal the district court's sentence and (2) moving to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal.

I

In April 2010, Chavez pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Based on an offense level of 18 and a criminal history category of III, the guideline range for Chavez's wire fraud conviction was 33-41 months. ROA Vol. 3, at 23. In addition, pursuant to 18 U.S.C. § 1028A, Chavez was required to serve a consecutive two-year sentence for her aggravated identity theft conviction. <u>Id.</u>

At sentencing, Chavez neither challenged the facts contained in the pre-sentence report nor objected to the calculations used to arrive at the advisory guideline range. Chavez did, however, ask the district court to vary downward on her wire fraud conviction, requesting that it sentence to her to 18 months, rather than to a sentence within the 33-41 month guideline range. The prosecution opposed Chavez's request. After hearing the parties' arguments and testimony from an FBI agent who described the impact of Chavez's crimes on her victims,

2

the district court sentenced Chavez to 36 months' imprisonment for her wire fraud conviction in addition to the 24-month mandatory consecutive sentence for aggravated identity theft. Chavez timely appealed her sentence to this court.

## II

Counsel for Chavez has filed an <u>Anders</u> brief advising the court that Chavez's appeal is wholly frivolous and seeking permission to withdraw. Pursuant to <u>Anders</u>, counsel may "request permission to withdraw where [he or she] conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005). When seeking permission to withdraw, counsel is required to submit an appellate brief "indicating any potential appealable issues based on the record." <u>Id.</u> Once notified of counsel's brief, the defendant may submit additional arguments to the court. <u>Id.</u> The court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." <u>Id.</u>

Counsel's <u>Anders</u> brief was served on Chavez, and she filed a response to the brief. The government declined to file a response, explaining that counsel's <u>Anders</u> brief correctly set forth the applicable facts and law. Our resolution of this case is therefore based on counsel's <u>Anders</u> brief, Chavez's response, and our independent review of the record.

Having independently reviewed the record and analyzed the parties' arguments, we grant counsel's motion to withdraw and dismiss this appeal. In

3

doing so, we agree with counsel's assertion that Chavez can present no non-frivolous arguments on appeal. First, Chavez cannot bring any non-jurisdictional claims relating to her conviction. United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994) ("A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction."). Second, Chavez cannot bring forth a good faith jurisdictional claim on appeal because there is no reason to question the validity of her guilty plea. The record indicates that Chavez knowingly and voluntarily pled guilty to wire fraud and aggravated identity theft, ROA Vol. 2, at 7-25, and she does not argue otherwise in her response brief.

Third, we conclude that Chavez cannot in good faith attack the procedural reasonableness of her sentence. Although Chavez now contends that she was under the influence of drugs and was therefore incapable of objecting to the guideline calculations at sentencing, her counsel had filed a sentencing memorandum after receipt of the Presentence Report and prior to sentencing. No objection was made in that pleading to the guideline calculations. In fact, counsel stated that the guideline calculation of 33 to 41 months for wire fraud, and a mandatory consecutive 24 months for aggravated identity theft, were not disputed. ROA Vol. 1, at 61. Because Chavez did not object to the guideline calculations or the district court's fact findings, we review procedural reasonableness for plain error. United States v. Torres-Duenas, 461 F.3d 1178, 1183 (10th Cir. 2006). And having reviewed the record, we find no indication that the district court

4

plainly erred in accepting the facts contained in the presentence report or in calculating the applicable guideline range. We note that Chavez argues in her response brief that the district court should not have increased her criminal history category by two levels based on its finding that she was "under a deferred judgment" from a Colorado state court at the time she committed wire fraud and identity theft in May 2005. ROA Vol. 3, at 17. According to Chavez, the Colorado state court terminated her deferred judgment before May 2005. We note that while the record does not indicate when the deferred judgment was terminated, the documentation Chavez attached to her response brief indicates that it was terminated on January 24, 2006, more than eight months after she committed the crimes of conviction. Accordingly, the district court did not err by increasing Chavez's criminal history category by two levels.

We also conclude that Chavez cannot argue in good faith that the district court's sentence is substantively unreasonable. Sentences within the guideline range are presumptively reasonable, and we find no evidence indicating that the district court's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." United Sells v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008) (citations omitted). Although the district court denied Chavez's request for a downward variance on her wire fraud sentence, the record indicates the district court was well within its discretion in doing so. In addition to the fact that Chavez fraudulently obtained approximately $214,000 from more than ten

5

victims, she has a significant criminal history, having previously been convicted of various crimes including felony theft and possession of drug paraphernalia. ROA Vol. 3 at 7, 13-16.

Finally, we note counsel's representation that Chavez requested that he appeal the district court's order that her aggravated identity theft conviction run consecutively with her conviction for wire fraud. This is a frivolous argument because Congress has mandated that sentences for aggravated identity theft convictions run consecutive to sentences for related fraud crimes. See 18 U.S.C. § 1028A(b)(2). The district court was therefore required to sentence Chavez to a 2-year consecutive sentence for her aggravated identity theft conviction.

## III

We conclude that any appeal of the district court's sentence would be based on frivolous arguments. We therefore GRANT counsel's motion to withdraw and DISMISS this appeal.

Entered for the Court


Mary Beck Briscoe
Chief Judge