**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 10-2270 |
| v. | D. New Mexico |
| BRIAN JONES, | (D.C. No. 2:04-CR-01840-RB-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Jones appeals from the district court's revocation of his term of probation and imposition of a thirty-three month term of imprisonment. Jones's

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel has filed an *Anders* brief,[1] asserting he could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel.  For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

In April of 2004, the United States charged Jones with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  Based on an anticipated offense level of twenty and a criminal history category I, Jones's advisory guidelines range was thirty-three to forty-one months' imprisonment.  The parties, however, negotiated a plea deal with a five-year term of probation.  In June 2006, the district court accepted the plea agreement and sentenced Jones accordingly.  In so doing, the district court imposed several special conditions of supervision Jones was required to comply with during his term of probation.

In August 2009, the probation office discovered Jones had violated at least four of the special conditions of release set forth in the district court's judgment.  The United States, Jones's representatives, and Jones worked cooperatively to have Jones placed in a treatment facility for sexual offenders.  Instead of revoking Jones's probation, the district court held the matter in abeyance pending Jones's completion of two in-patient treatment programs, one in California and one in Arizona.  Jones completed the program in California, but left the Arizona program prior to completing treatment.  The district court afforded Jones the opportunity

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

to enroll in a treatment program similar to the Arizona program, but Jones failed to do so in a timely manner.

In November 2010, after a lengthy hearing on the matter, the district court granted the government's petition and revoked Jones's probation. After engaging in a lengthy colloquy with the parties, the district court sentenced Jones to thirty-three months' imprisonment, followed by a term of supervised release. In arriving at a sentence of thirty-three months' imprisonment, the district court explicitly considered the factors set out in 18 U.S.C. § 3553(a) and the policy statements set out in Chapter 7 of the United States Sentencing Guidelines:

> After evaluating the [§ 3553(a) factors], I find that Mr. Jones has continued to violate the conditions of his supervision by possessing a computer containing pornography, after being convicted of an offense that included possession of child pornography. In addition, he's admitted to being at Young Park in Las Cruces on numerous occasions in violation of his conditions. Moreover, the defendant has failed to participate in court-ordered sex offender treatment. The Del Amo in-patient sex offender program indicated, in their discharge summary, that Mr. Jones was a low risk to the community if he continued to follow his recovery plan, to include placement and completion of the in-patient sex offender program at the Prescott House for a period of six months. Mr. Jones, as I've indicated, failed to complete the Prescott House program and was unsuccessfully discharged therefrom. These combined circumstances demonstrate a history of conduct that imposes a risk to the community and shows a lack of respect for the law.
>
> Based on these findings, I've determined that a sentence above the advisory revocation Guideline imprisonment range is reasonable and sufficient, but not greater than necessary, to accomplish the sentencing goals. The defendant, Mr. Jones, is committed to the custody of the Bureau of Prisons for a term of 33 months. I'll recommend that he be designated to the Bureau of Prisons'

residential sex offender treatment program, such as FMC Devens in Devens, Massachusetts. It's also recommended that in the event Mr. Jones refuses to participate in sex offender treatment that he be evaluated by the BOP for possible certification as a sexually dangerous person. I'll recommend that the Bureau of Prisons notify this court as to the location of Mr. Jones' designation.

Jones appeals from the sentence imposed by the district court.

Appellate counsel has filed an *Anders* brief advising the court that this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* This court notified Jones of counsel's *Anders* brief, but Jones did not file a response. The government declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review confirms counsel's assertion that this appeal is meritless.

Jones directed appellate counsel to contend the thirty-three month sentence imposed by the district court is unreasonably long. *See United States v. Torres-*

-4-

*Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) (noting an assertion a sentence is too long is a challenge to the substantive reasonableness of the sentence). As recognized by counsel, Jones's challenge to the substantive reasonableness of his sentence is undeniably meritless. Pursuant to 18 U.S.C. § 3565(a)(2), the district court was entitled to revoke Jones's term of probation and impose any term of imprisonment that was available at the initial sentencing proceeding. In arriving at a thirty-three month sentence, the district court specifically recognized that Chapter Seven of the Sentencing Guidelines recommended a sentence of three to nine months' imprisonment, but concluded such a sentence was insufficient to protect the public and promote respect for the law. In particular, the district court found that although Jones was given numerous chances to complete the sex-offender treatment mandated by the special conditions of his probation, he had failed to complete the required treatment. Furthermore, the evidence indicated Jones had visited a children's park with materials (a doll, candy bars, and twine) suggesting a possibility he intended to kidnap a child. Finally, the record revealed that without the required treatment, Jones was a risk to the public. Given these factors, the district court was certainly entitled to conclude a sentence well above the range set out in Chapter Seven was required to protect the public and promote respect for the law. Accordingly, the district court's reasoned and reasonable analysis is clearly consistent with the sentencing factors set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565 (directing district courts to consider

§ 3553(a) sentencing factors in sentencing a defendant upon revocation of parole). This court's independent review of the record verifies counsel's determination that any challenge to the substantive reasonableness of Jones's sentence is meritless.

Jones also directed appellate counsel to raise a claim that his trial counsel was ineffective. As recognized by appellate counsel, however, it is well-settled that ineffective assistance of counsel claims should ordinarily be brought in collateral proceedings and not on direct appeal. *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.* (quotation omitted). Because Jones's claim of ineffective assistance of trial counsel cannot be decided on the basis of the current appellate record, we decline to address the issue and dismiss it without prejudice to raising it in a properly filed motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

Pursuant to the *Anders* mandate, this court has undertaken an independent review of the entire record in this case. *Calderon*, 428 F.3d at 930. Our review demonstrates that each of the issues Jones directed appellate counsel to advance is

undeniably frivolous.  Likewise, our review reveals no other potentially meritorious issues.  Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge