FILED
United States Court of Appeals
Tenth Circuit

August 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GONZALO ARIAS-LOPEZ, also
known as Juan Barrios-Gramajo,

Defendant - Appellant.

No. 13-6043

W.D. Oklahoma

(D.C. No. 5:12-CR-00227-R-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Although he was charged under his alias name Gonzalo Arias-Lopez, the

defendant's real name is Juan Barrios-Gramajo. Barrios-Gramajo pleaded guilty,

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

without a plea agreement, to a single count of illegal reentry, in violation of 8 U.S.C. § 1326. The district court imposed a downward variant sentence of fourteen months' imprisonment. At Barrios-Gramajo's specific request, counsel filed a notice of appeal. Counsel has, nevertheless, filed an *Anders* brief,[1] asserting she could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel. For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

Barrios-Gramajo, a citizen of Guatemala, has spent most of his adult life in the United States. He was removed to Mexico once in 1997 and three times in 1999. He was removed to Guatemala once in 1999. Arrest records show his presence in the United States in 1988, 1989, 1990, 1995, 2004, 2007, 2009, and 2010, resulting in convictions for misdemeanor and felony thefts, traffic infractions, driving under the influence, and possession of cocaine with the intent to distribute. Barrios-Gramajo's most recent arrest occurred in 2010, when he was arrested on drug charges for the second time by Oklahoma state authorities. At that time, Immigration and Customs Enforcement ("ICE") determined his alienage and placed a detainer on him. After Barrios-Gramajo served his state drug sentences and was paroled in 2012, he was transferred into ICE custody. He was then charged in federal court with Illegal Reentry. With the assistance of a

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

federally certified interpreter, Barrios-Gramajo entered an unconditional guilty plea to the charges without a plea agreement.

The Presentence Investigation Report ("PSR"), which was disclosed to the parties prior to sentencing, recommended an advisory guideline range of fifteen to twenty-one months' imprisonment. In response, Barrios-Gramajo filed an abbreviated sentencing memorandum in support of a sentence below the advisory guideline range. He asserted his conviction for illegal reentry was a regulatory, not malicious, offense; his intention in returning to the United States was to work to help support his family in Guatemala; he had never been prosecuted before for illegal entry or reentry, and thus did not appreciate the serious legal consequences of returning; he had participated in educational programs during his time in state custody; and his remaining state probation would be an additional deterrent to unlawful reentry in the future. At the sentencing hearing, the district court concluded the applicable guideline range was fifteen to twenty-one months' imprisonment, as calculated in the PSR. It then granted Barrios-Gramajo's request for credit, in the form of a downward variance, for time spent in ICE detention. Thus, the district court sentenced Barrios-Gramajo to serve a term of fourteen months' imprisonment, one month below the advisory guideline range, with no supervised release to follow.

Counsel has filed an *Anders* brief advising the court this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to

*Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* This court notified Barrios-Gramajo of counsel's *Anders* brief, but Barrios-Gramajo did not file a response. The government declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review confirms counsel's assertion that this appeal is meritless.

Counsel identifies two potentially appealable issues, but recognizes both issues are wholly frivolous. Although Barrios-Gramajo has not asserted his unconditional guilty plea was unknowing or involuntary, counsel raises the issue as a precautionary matter. As recognized by counsel, however, the transcript of the plea colloquy shows the district court complied fully with the procedure set forth in Fed. R. Crim. P. 11(b) for the acceptance of a guilty plea. The district court meticulously questioned Barrios-Gramajo about his understanding of his rights and the consequences of his plea, the voluntariness of his plea, and the factual basis for his plea. Furthermore, the plea petition affirmed Barrios-

Gramajo understood additional important details such as the impact of his conviction on his immigration status and the role of the Sentencing Guidelines in the sentencing process. *See United States v. Gigley*, 213 F.3d 509, 517 (10th Cir. 2000) (holding the plea petition and plea colloquy together demonstrated the defendant entered her guilty plea knowingly, voluntarily, and without coercion). In sum, the record conclusively demonstrates Barrios-Gramajo's guilty plea was valid and he has not asserted, either in discussions with counsel or in a separate brief to this court, that it was involuntary or unknowing. Because the record offers no support for this issue, an appeal on this basis would be frivolous.

Counsel indicates Barrios-Gramajo wishes to challenge the length of the sentence imposed by the district court. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) (noting an assertion a sentence is too long is a challenge to the substantive reasonableness of the sentence). As recognized by counsel, however, Barrios-Gramajo's challenge to the substantive reasonableness of his sentence is undeniably meritless. The PSR calculated the total offense level as ten. Barrios-Gramajo's eight criminal convictions spanning twenty-two years, some of which could not be counted due to age, yielded a criminal history category IV. The resulting guideline range was fifteen to twenty-one months' imprisonment. The district court granted Barrios-Gramajo's request for a sentence below the advisory guidelines range based on time he had spent in ICE custody which would not be credited by the BOP. When a sentence falls within a

properly calculated guidelines range, it is entitled to a rebuttable presumption of reasonableness. *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009). Likewise, a below-guidelines sentence is entitled to the same rebuttable presumption of reasonableness. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Thus, Barrios-Gramajo bears the burden of demonstrating his sentence is outside the "range of possible outcomes the facts and law at issue can fairly support" under the sentencing factors presented in 18 U.S.C. § 3553(a). *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Although this case presents some potentially mitigating facts,[2] it cannot plausibly be claimed the district court abused its discretion in concluding those facts did not justify a more lenient sentence given that the case also presents a set of seriously unfavorable facts. In that regard, the record demonstrates Barrios-Gramajo has an extensive criminal history, which includes four convictions for theft, two convictions for driving under the influence, and two recent convictions in fairly serious drug cases. In addition, he has made multiple unlawful entries into the United States; used an assumed name; and misled federal authorities about his country of origin, which led to his removal on several occasions to the

---

[2]To wit: Barrios-Gramajo's professed motivation to enter the United States was the need to financially provide for his impoverished family, the lack of a prior prosecution for illegal entry or reentry, his positive accomplishments while in state prison, and his asserted motivation not to return to the United States in the future due to the certainty of a new federal prosecution as well as potential revocation of state probation.

wrong country. Given all that, Barrios-Gramajo cannot prevail in showing his sentence is outside the range of sentences the record can "fairly support." *McComb*, 519 F.3d at 1053. Any appeal challenging the substantive reasonableness of the sentence would be frivolous.

Pursuant to the *Anders* mandate, this court has undertaken an independent review of the entire record in this case. *Calderon*, 428 F.3d at 930. Our review demonstrates that both of the issues set out in counsel's *Anders* brief are undeniably frivolous. Likewise, this court's review of the entire record reveals no other potentially meritorious issues. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge